**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

ROBERT JOSEPH FIORE, II,

  *Plaintiff,*

v.

OFFICER ELI STENSON,

  *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)

No. 2:25-cv-00059-JMD

**MEMORANDUM AND ORDER**

Robert Joseph Fiore II, a self-represented litigant, brings this action under 42 U.S.C. § 1983 for alleged civil rights violations. He seeks leave to proceed *in forma pauperis* and appointment of counsel. For the reasons set forth below, the Court dismisses this action under 28 U.S.C. § 1915(e)(2). The Court denies both motions as moot.

**Background**

Fiore sues Officer Eli Stenson. He alleges that the Officer unconstitutionally prolonged a traffic stop by ordering him into his patrol car after the stop concluded. ECF 1-1 at 3. He seeks $1 million in damages. *Id.* at 56.

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "A complaint is frivolous if it lacks an arguable basis in law or fact." *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

1

To state a claim for relief, a complaint must plead more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plaintiff must allege facts that demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556).

When reviewing a self-represented litigant's complaint under § 1915, the Court accepts the well-pleaded facts as true, *see White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Liberal construction means that, if the Court can discern "the essence of an allegation," it should construe the complaint in a way that permits consideration of the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court does not assume unalleged facts, *Stone*, 364 F.3d at 914, or excuse compliance with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Analysis

For the reasons set forth below, the Court dismisses this action under § 1915(e)(2). Fiore sues Officer Stenson in his official capacity only.  ECF 1 at 2; ECF 1-1 at 56.  Absent

2

waiver or valid abrogation, the Eleventh Amendment bars suit against the State and state officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743–44 (8th Cir. 1998). When a litigant "affirmatively select[s] 'official capacity only' when asked on the complaint form,"—as did Fiore—this "express designation that he sued the defendants only in their official capacities forecloses recovery of personal liability damages from the defendants." *Reynolds v. Cook*, No. 24-1618, 2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a suit against state officials in their official capacities is suit against the entity that employs them and is equivalent to naming the State). Missouri has not waived its immunity for § 1983 claims. Accordingly, the Eleventh Amendment bars Fiore's § 1983 claims against Officer Stenson in his official capacity.

What's more, § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. Accordingly, Fiore fails to state a cognizable damages claim under § 1983 against the defendant.

### Conclusion

For these reasons, the Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(iii).

**IT IS HEREBY ORDERED** that Fiore's motion to proceed *in forma pauperis*, ECF 4, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Fiore's motion for appointment of counsel, ECF 5, is **DENIED** as moot.

3

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An order of dismissal shall accompany this memorandum and order.

Dated this 13th day of July, 2026

_____

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

4